UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHERYL HARDING and MILTON CYNTJE                 CIV  8344/07

                                 Plaintiffs,                **ANSWER**

     - against –

THE AUTOMOBILE INSURANCE COMPANY                 DEFENDANT
OF HARTFORD CONNECTICUT,                          REQUESTS TRIAL
                                        BY JURY
                            Defendant.
-------------------------------------------------------------------X

      The defendant, THE AUTOMOBILE INSURANCE COMPANY OF

HARTFORD, CONNECTICUT, hereinafter referred to as "AICHC", by its

attorneys, SPEYER & PERLBERG, LLP, answering the complaint, alleges upon

information and belief as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraphs "FIRST", "SECOND", "THIRD".

      2.     Denies each and every allegation set forth in paragraph "FOURTH",

of the Complaint except admits AICHC is a foreign corporation duly licensed and

authorized to transact business in the State of New York and maintains offices in

the State of New York, including the County of Suffolk.

      3.     Denies each and every allegation set forth in paragraph "FIFTH"

and "SIXTH" except admits issuance of insurance policy number 977255040 633

1, and begs leave to refer to the terms and conditions of the original policy for its

terms and conditions when the same is produced by the plaintiffs at the trial of

this action.

4.    Denies each and every allegation set forth in paragraphs "SEVENTH" and "EIGHTH"

5.    Denies each and every allegation set forth in paragraph "NINTH" except admits that no payment has been made by AICHC to the plaintiffs with regard to this claimed loss.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.    The policy sued upon provides, among other terms and conditions:

**DEFINITIONS**

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse, if a resident of the same household, and "we", "us" and "our" refer to the Company providing this insurance.   In addition, certain words and phrases are defined as follows:

\*    \*    \*

9. **"residence premises"** means the one or two family dwelling, other structures, and grounds or that part of any other building where you reside and which is shown as the "residence premises" in the Declarations.

--------------------------------------------------------------------------------

**SECTION I – PROPERTY COVERAGES**

**COVERAGE A – DWELLING**

**We cover:**

**a.**    the dwelling on the **residence premises** shown in the Declarations used principally as a private residence, including structures attached to the dwelling on the same or contiguous foundation.

7.    At all times hereinafter mentioned, the plaintiffs did not reside at the Dwelling on the "residence premises" shown in the Declarations.

8.    By reason of the foregoing, the loss alleged in the complaint is not a covered loss under the policy sued upon and AICHC is not liable to plaintiffs in any manner or in any amount.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.    The policy sued upon provides, among other terms and conditions:

**SECTION I AND SECTION II – CONDITIONS**

    *        *        *

**2.    CONCEALMENT OR FRAUD**, WE DO NOT PROVIDE COVERAGE FOR ANY INSURED WHO HAS:

    **a.**    INTENTIONALLY CONCEALED OR MISREPRESENTED ANY MATERIAL FACT OR CIRCUMSTANCE:

    **b.**    MADE FALSE STATEMENTS OR ENGAGED IN FRAUDULENT CONDUCT; RELATING TO THIS INSURANCE.

10.    The insured intentionally concealed or misrepresented material facts and circumstances, made false statements and engaged in fraudulent conduct relating to this insurance; that plaintiffs provided false statements to AICHC with regard to their use and occupancy of the insured premises, to wit: they represented that said premises were their primary residence when in fact plaintiffs did not reside in said premises as they were entirely rented or held for rent to tenants.

11.    By reason of the foregoing, the loss alleged in the complaint is not a covered loss under the policy sued upon and AICHC is not liable to plaintiffs in any manner or in any amount.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12.    The plaintiffs, in their application for insurance, represented that the insured premises were their "primary residence" and that they lived at the residence.

13.    In fact, the insured premises were entirely rented or held for rental to tenants, and the plaintiffs did not live there at the time of the application for insurance or afterward.

14.    AICHC would not have issued the policy sued upon if it knew that the premises were not occupied by its insureds and the premises were instead rented or held for rent to tenants.

15.    By reason of the foregoing, the policy must be rescinded and plaintiffs may not recover from defendant in any manner or for any amount.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16.    The policy sued upon provides, among other terms and conditions, for the application of one or more deductibles.

17.    If AICHC is liable to plaintiffs in any manner or in any amount, which is specifically denied, then such liability shall be reduced in accordance with the terms of the aforementioned deductible provisions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18.    The policy sued upon provides, among other terms and conditions, for various exclusions, limitations of liability, sublimits of liability and special limits of liability in connection with any claim made by plaintiffs.

19.    If AICHC is liable to plaintiffs in any manner or in any amount, which is specifically denied, then such liability will not exceed the various exclusions, limits of liability, sublimits and special limits of liability set forth in the policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.    The Complaint does not describe the claims made with sufficient particularity to allow AICHC to determine such other defenses it may have in response to plaintiffs' claim and/or causes of action.  AICHC therefore reserves the right to assert any and all defenses (AICHC Policy based or otherwise) which may be pertinent to the plaintiffs' claims and/or causes of action once the precise nature of the claims and/or causes of action are ascertained.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

21.    Any coverage afforded by the AICHC Policy and/or in any other relevant policy of insurance issued by AICHC or any other related or affiliated entity that could be applicable to this claim would be subject to any and all deductibles, retained limits, retentions, self insured retention and/or limits as stated in the AICHC Policy or in any other such policies.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

22.    The claims asserted in the Complaint against AICHC are barred, in whole or in part, by the term insuring agreement(s) conditions, definitions, limits of liability and exclusions contained in the AICHC Policy or any other policy issued by AICHC or any other affiliated company.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23.    If an damages are recoverable by plaintiff(s) against any other person and/or entity arising from the subject loss, then the amount of such damages shall be diminished by the amount of the funds that the plaintiff have or shall receive from such collateral source.

**WHEREFORE**, Defendant, AICHC, demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated:    Melville, NY
          September 27, 2007

Yours, etc.,
SPEYER & PERLBERG, LLP
Attorneys for Defendant

By:

Dennis M. Perlberg (DP-9514)
Marie E. Garelle (MG-1217)
115 Broadhollow Road, Suite 250
Melville, NY  11747
(631) 673-6670
File No.:  06-0174

TO:    WILKOFSKY, FRIEDMAN,
       KAREL & CUMMINS
       Attorneys for plaintiffs
       299 Broadway, Suite 1700
       New York, New York 10007
       (212) 285-0510

s:/current/MEG/Harding/Answer.doc

**<u>AFFIDAVIT OF SERVICE BY MAIL</u>**

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF SUFFOLK    )

     **MADONNA JONES,** being duly sworn deposes and says:

     That deponent is not a party to this action, is over eighteen (18) years of age and resides in Deer Park, New York 11729.

     That on the 27th day of September, 2007, deponent served the within **ANSWER** upon:

         WILKOFSKY, FRIEDMAN, KAREL & CUMMINS
               Attorneys for Plaintiffs
              299 Broadway, Suite 1700
              New York, New York  10007

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                              _____
                                        **MADONNA JONES**

Sworn to before me this
27th day of September, 2007

_____
**NOTARY PUBLIC**

ANITA MATOS
Notary Public, State of New York
No. 01MA4705652
Qualified in Suffolk County
Commission Expires 6/30/2011